1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT

9                              DISTRICT OF ARIZONA

10
11
12   DAVID COLLINGE, *et al.*,            )
13                    Plaintiffs,         )    **2:12-cv-00824 JWS**
14            vs.                         )    **ORDER AND OPINION**
15   INTELLIQUICK DELIVERY, INC. *et al.*, )   **[Re: Motion at Docket 32]**
16                    Defendants.         )
17   _____    )

18                        **I.  MOTION PRESENTED**

19        At docket 32, plaintiffs David Collinge, Melonie Priestly, and Heather Arras

20   (collectively "plaintiffs") move for conditional certification of a collective action under 29

21   U.S.C. § 216(b).  Defendants IntelliQuick Delivery, Inc. *et al.*, (collectively "defendants")

22   oppose the motion at docket 49.  Plaintiffs' reply is at docket 54.  Oral argument was

23   requested but would not assist the court.

24                          **II.  BACKGROUND**

25        Intelliquick is a delivery and courier service that is incorporated and does

26   business in Arizona. Plaintiffs currently work or have worked for IntelliQuick as delivery

27   drivers.  There are three categories of delivery drivers at IntelliQuick: freight driver, route

28   drivers, and on-demand drivers.  The details of each category are not relevant to the

                                        -1-

present motion, but there are plaintiffs from each and some who have worked for IntelliQuick in all three capacities.  Plaintiffs maintain that they have been misclassified as independent contractors, when they are actually employees, and that they have not been paid overtime or minimum wages as required by the Fair Labor Standards Act ("FLSA").[1]  Plaintiffs filed this lawsuit to recover wages allegedly owed them under that statute.  Plaintiffs brought their lawsuit as a collective action pursuant to 29 U.S.C. § 216(b) and now seek conditional certification of their proposed class.

### III.  DISCUSSION

**A. Conditional Certification**

Section 216(b) of Title 29 states that actions to recover unpaid minimum wages or unpaid overtime "may be maintained against any employer . . . by any one or more employees for and [o]n behalf of himself or themselves and other employees similarly situated."[2]  Section 216(b) requires that employees file consent in writing in order to become plaintiffs.  A class may include any employee who is "similarly situated" to the named plaintiff employees.  The Ninth Circuit has not construed the meaning of "similarly situated" in context of the FLSA.  A majority of courts apply a two-tiered approach to certification of a collective action under § 216(b).[3]

At the first–or "notice"–stage, the court determines, based on the pleadings and submitted declarations, whether conditional certification is appropriate and potential class members should be given notice of the action.[4]  At the second stage, after discovery is complete, the court applies a stricter "similarly situated" standard and considers factors including "(1) disparate factual and employment settings of the

---

[1]29 U.S.C. § 201 *et seq.*

[2]29 U.S.C. § 216(b).

[3]*See, e.g.*, *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001).

[4]*Id.* at 1218.

1   individual plaintiffs; (2) the various defenses available to defendant which appear to be

2   individual to each plaintiff; and (3) fairness and procedural considerations."[5]

3       Defendants argue that the court should apply a minority approach and use the

4   criteria of Federal Rule of Civil Procedure 23 to evaluate whether potential plaintiffs are

5   similarly situated.[6]  The court declines to stray from the majority approach.

6       At the notice stage, "[b]ecause the court has minimal evidence, [the similarly

7   situated] determination is made using a fairly lenient standard, and typically results in

8   conditional certification of a representative class."[7]  The only question therefore, is

9   whether the pleadings and declarations provided by plaintiffs establish that notice

10  should be given to potential class members.  Plaintiffs seek to have the following class

11  certified:

12      All current and former drivers or couriers, who made pick-ups or deliveries
        for or on behalf of IntelliQuick Deliveries, Inc. as a Freight Driver, Route

13      Driver and/or On-Demand Driver within the State of Arizona and who were
        or are classified or paid as independent contractors and/or not classified

14      or paid as employees at any time on or after April 9, 2009.[8]

15      Defendants argue that *Colson v. Avnet, Inc.*,[9] held that conditional certification is

16  categorically inappropriate when the underlying claims are based on misclassification–in

17  this case, the alleged misclassification of plaintiffs and the proposed class as

18  independent contractors and not employees.  Defendants have mischaracterized that

19  case's holding.  The plaintiff's evidentiary showing consisted of declarations from one

20  employee, whose "allegations . . . lack[ed] specificity with regard[] to time or place, and

21

22

23      [5]*Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001) (internal

24  quotations omitted).

25      [6]*See, e.g.*, *Shushan v. Univ. of Colo.*, 132 F.R.D. 263 (D. Colo. 1990).

26      [7]*Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995).

27      [8]Doc. 32 at 13.

28      [9]687 F. Supp. 2d 914 (D. Ariz. 2010).

1    [whose] filing [was] filled with statements that lack[ed] personal knowledge,"[10] a trainee

2    who "was never even employed by [the defendant],"[11] and plaintiff's counsel, who had

3    "no personal experience with [the] [d]efendant's employment practices."[12]  The court

4    concluded that "[t]here is no indication that any district court within [the Ninth] Circuit

5    has ever granted conditional certification based on" such a showing.[13]  Plaintiffs have

6    provided five declarations from current and former employees (or independent

7    contractors) of IntelliQuick.

8          At this stage, plaintiffs must demonstrate that "the putative class members were

9    together the victims of a single decision, policy, or plan."[14]  Plaintiffs have submitted

10   declarations from the three named plaintiffs, and two other, current IntelliQuick drivers.

11   All of them state that they were misclassified as independent contractors.  All of them

12   state that they were paid a flat rate regardless of how long it took them to perform their

13   duties.  All of them state that IntelliQuick retained control over their routes.  None of

14   them received overtime pay.

15         Collinge worked as an on-demand driver, a route driver, and a freight driver and

16   therefore has personal knowledge of all three positions.  Arras also worked in all three

17   capacities.[15]  Melonie Priestly worked as a route driver.[16]

18         Collinge states "that IntelliQuick . . . unilaterally changed assignments, routes

19   and pay for [d]rivers in each category, [that] IntelliQuick . . . imposed unilateral

20   _____

21        [10]*Id.* at 928.

22        [11]*Id.* at 929.

23        [12]*Id.*

24        [13]*Id.* at 930.

25        [14]*Thiessen*, 267 F.3d at 1102.

26        [15]Doc. 32-4 at 3.

27

28        [16]Doc. 32-5 at 3.  Plaintiffs' motion suggests that Priestly also worked as an on-demand driver, but that allegation is not supported by her declaration.

-4-

deductions and fines called 'chargebacks' on the pay of all [d]river categories"[17] and that "IntelliQuick . . . controlled almost all aspects of [his] daily work."[18]  Arras's declaration provides that she was personally aware of the "chargeback" system.[19]  Priestly also states that IntelliQuick changed her route[20] and reduced her pay through "chargebacks."[21]

Collinge states that he was not permitted to take time off without permission, that IntelliQuick regularly and unilaterally reduced his pay, and that IntelliQuick would deduct fees from his paycheck.[22]  Arras and Priestly also state that IntelliQuick deducted a variety of fees from their paychecks.[23]  Collinge states that route and freight drivers report to work at an IntelliQuick warehouse, record their start and end times, and wear matching uniforms.[24]  Arras was also required to report to work at IntelliQuick's warehouse.[25]

In short, the declarations of the named plaintiffs support their position that they, and others in the proposed class, were subjected to a single policy or plan that included misclassification as independent contractors and did not include overtime pay or, in some cases, minimum wages.  The substance of Campagna and Morena's declarations

---

[17]Doc. 32-3 at 3.

[18]*Id.* at 4.

[19]Doc. 32-4 at 7.

[20]Doc. 32-5 at 4.

[21]*Id.* at 5.

[22]Doc. 32-3 at 6–8.

[23]Doc. 32-4 at 8–9; doc. 32-5 at 5.

[24]Doc. 32-3 at 10–11.  Priestly's declaration also implies that she wore a uniform. Doc. 32-5 at 5.

[25]Doc. 32-4 at 5–6.

1    is nearly identical to the substance of the named plaintiffs' declarations.  Plaintiffs have
2    made an adequate showing that conditional certification is appropriate.

3    **B. Proposed Notice**

4           Defendants argue that plaintiffs' proposed notice is inadequate.  Specifically,
5    defendants argue that ninety days from the date of the notice is "unwarranted" as an
6    opt-in period and that thirty days would be sufficient.  The court is skeptical that thirty
7    days would be enough time to provide notice to potential class members.  However, it
8    also should not take ninety days "to notify all putative class members, correct invalid
9    addresses and follow-up with putative class members."[26]  The court concludes that sixty
10   days from the date of the notice is an appropriate opt-in period.

11                                   **V. CONCLUSION**

12          For the reasons above, plaintiffs' motion at docket 32 for conditional class
13   certification is **GRANTED** as follows:

14          1) It is **ORDERED** conditionally certifying a class that includes "All current and
15   former drivers or couriers, who made pick-ups or deliveries for or on behalf of
16   IntelliQuick Deliveries, Inc. as a Freight Driver, Route Driver, or On-Demand Driver
17   within the State of Arizona and who were or are classified or paid as independent
18   contractors or not classified or paid as employees at any time on or after April 9, 2009."

19          2) Defendants shall provide to plaintiffs' counsel the last known contact
20   information for potential class members.

21          3) Plaintiffs' proposed notice is approved provided the opt-in period is amended
22   to sixty days.

23
24
25
26
27   _____
28      [26]Doc. 54 at 11.

1    4) Because contact information for current employees who are potential class

2    members will be provided to plaintiffs, the court declines to require that IntelliQuick post

3    the notice and consent forms at its business locations.

4    DATED this 31st day of July 2011.

5

6                                              _____
                                                             /s/
                                               JOHN W. SEDWICK
7                                              UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28