1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

11

**DISTRICT OF ARIZONA**

12
13
14

15   **DAVID COLLINGE, *et al.*,**                    )
                                                       )
16                **Plaintiffs,**                      )        **2:12-cv-00824 JWS**
                                                       )
17        **vs.**                                      )        **ORDER AND OPINION**
                                                       )
18   **INTELLIQUICK DELIVERY, INC.,**                  )
19   ***et al.*,**                                     )        **[Re: Motion at Docket 62]**
                                                       )
20                **Defendants.**                      )
21   _____)

22

23                           **I.  MOTION PRESENTED**

24        At docket 62, plaintiffs David Collinge, Melonie Priestly, and Heather Arras

25   (collectively "plaintiffs") filed a motion requesting permission to file an amended

26   complaint.  Plaintiffs would like to amend their complaint to fix typographical errors,

27   include a claim for retaliation, add defendants, and allege additional facts.  The

28

proposed amended complaint is located at docket 62-1 ("Proposed Amended

Complaint").  Defendants IntelliQuick Delivery, Inc. ("IntelliQuick"); Keith Spizzirri;

Miriam Spizzirri; Transportation Authority, LLC; Robert F. Lorgeree, Jr.; Majik Leasing,

LLC; Felicia Tavison; Jason Mittendorf; and Jeffrey Lieber (collectively "defendants")

oppose the motion at docket 69.  Plaintiffs' reply is at docket 75.  Oral argument was not

requested and would not assist the court.

## II.  BACKGROUND

IntelliQuick is a delivery and courier service in Arizona.  Plaintiffs currently work

or have worked for IntelliQuick as drivers.  Plaintiffs filed their original complaint against

IntelliQuick and the other defendants—who are alleged to be owners or spouses of

owners, supervisors, joint employers, recruiters, or vehicle owners associated with

IntelliQuick—in April of 2012.  Plaintiffs maintain that they have been misclassified as

independent contractors, when they are actually employees, and that they have not

been paid overtime or minimum wages in violation of the Fair Labor Standards Act

("FLSA")[1] and Arizona's Wage Act.[2]  They allege that IntelliQuick has improperly

deducted portions of plaintiffs' wages without authorization in violation of Arizona's

Wage Act.  They allege that IntelliQuick's Membership Application and Agreement and

its Vehicle Lease Agreement are unconscionable and that IntelliQuick has been unjustly

enriched by the terms of these unconscionable agreements.  They also allege that

---

[1]29 U.S.C. § 201 *et seq.*

[2]A.R.S. § 23-350 *et seq.*

IntelliQuick has violated the Family Medical Leave Act ("FMLA")[3] by not providing leave to its employees and penalizing employees who request leave.

Plaintiffs filed the motion for leave to amend their complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.  The Proposed Amended Complaint would fix a few typographical errors.  It would add two more defendants who plaintiffs claim held supervisory positions at IntelliQuick and can be considered employers under the FLSA. It would add two more paragraphs containing facts in support of plaintiffs' allegation that the defendants treat drivers as employees.  It would bolster plaintiffs' claim that defendants failed to pay minimum wages by including more facts in support of such claim.  And, it would add a retaliation claim under FLSA, 29 U.S.C. § 215(a)(3), as well as facts in support of such claim.  Plaintiffs assert that the retaliation claim is based on events that happened after the original complaint was filed and thus amendment of the complaint to include a new claim is warranted under Rule 15(d).

Defendants oppose the motion.  They argue that adding defendants is duplicative because plaintiffs have already included top executives of the corporate defendants and because plaintiffs have not provided a reason why the proposed new defendants were not included in the original complaint.  As to the proposed additional facts, defendants argue that these facts simply add more information that is immaterial to the existing claims.  Defendants assert that amending the complaint to add a retaliation claim would be futile because there is no factual basis for the claim, and it would not survive a motion to dismiss.  They also argue that any amendment would cause them undue

---

[3]29 U.S.C. § 2601 *et seq.*

-3-

prejudice because they would have to spend time and money answering the new claim and facts.  In the alternative, if the court were to allow plaintiffs to amend the complaint, defendants request that they be awarded costs and fees associated with filing another answer.

### III.  STANDARD OF REVIEW

Plaintiffs bring this motion for leave to amend under both Rule 15(a) and Rule 15(d) of the Federal Rules of Civil Procedure.  Under Rule 15(a), if outside the allotted time in which to file an amendment as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[4]  "The court should freely give leave when justice so requires."[5]  Rule 15 provides for a very liberal amendment policy.[6]  The decision to permit or deny a motion for leave to amend rests within the sound discretion of the trial court.[7]  In deciding whether to grant leave to amend under Rule 15(a), courts generally consider the following factors: undue delay, bad faith by the moving party, prejudice to the opposing party, futility of amendment, and whether the party has previously amended his pleadings.[8]  "Generally, this

[4]Fed. R. Civ. P. 15(a)(2).

[5]*Id.*

[6]*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

[7]*See DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 185-86 (9th Cir.1987) (citing *United States v. Webb,* 655 F.2d 977, 979 (9th Cir.1981)).

[8]*See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir.1995).

-4-

determination should be performed with all inferences in favor of granting the motion."[9]

The party opposing amendment bears the burden of demonstrating a permissible

reason for denying the motion to amend.[10]

Under Rule 15(d), the court may "permit a party to serve a supplemental pleading

setting out any transaction, occurrence, or event that happened after the date of the

pleading to be supplemented."  Rule 15(d) gives the court "broad discretion" to allow a

supplemental pleading.[11]  The rule fosters judicial economy because it enables a court

to award complete relief in one action and avoid the cost of separate actions.[12]

## IV.  DISCUSSION

To begin, the court will consider whether plaintiffs can add the proposed

retaliation claim.  Based on the Proposed Amended Complaint, plaintiffs allege that, as

a result of the lawsuit, defendants effectively terminated plaintiff David Collinge and

have pressured and threatened other plaintiffs and drivers with retaliation.  The facts

that plaintiffs rely on to support the claim occurred after the filing of the original lawsuit.

Thus, the request to add the new claim is appropriate under Rule 15(d).

Defendants assert that the court should not allow plaintiffs to add the retaliation

claim because it would not survive a motion to dismiss and thus is futile.  They argue

---

[9]*Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 880 (9th Cir.1999) (citing *DCD Programs,* 833 F.2d at186).

[10]*DCD Programs,* 833 F.2d at 187; *see Richardson v. United States,* 841 F.2d 993, 999 (9th Cir.1988) (stating that leave to amend should be freely given unless the opposing party makes "an affirmative showing of either prejudice or bad faith").

[11]Fed. R. Civ. P. 15 (Advisory Committee Notes, 1963 Amendment).

[12]*Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 988).

-5-

that the facts in the Proposed Amended Complaint, alleging that David Collinge was effectively terminated after the filing of the lawsuit, are unfounded and speculative, based only on his perception.  They argue that the proposed retaliation claim only offers naked assertions of wrongdoing.  In support of their argument, defendants reference David Collinge's resignation letter, which they assert is an admission that he was not terminated, but rather quit on his own accord.  They argue that this letter demonstrates that the proposed retaliation claim is futile.  The letter is not attached to defendants' response, but plaintiffs included a copy in their reply.

The court has reviewed the Proposed Amended Complaint and cannot conclude at this stage in the litigation that the claim is obviously futile because it fails to state a claim for relief.  A plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[13]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]  "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[15]  The Proposed Amended Complaint contains thirty-two paragraphs of facts to support plaintiffs' retaliation claim; thus, there is a factual basis for the claim.

---

[13]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[14]*Id.*

[15]*Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

1

2      To the extent defendants argue the retaliation claim is futile because David

3  Collinge voluntarily resigned, the court notes that David Colligne alleges he was forced

4  to resign based on defendants' actions after he filed the FLSA lawsuit.  Plaintiffs could

5  win a FLSA retaliation lawsuit under § 215(a)(3) by proving that they were forced to

6  resign or that they were discriminated against in some other matter in retaliation for

7  exercising rights under the FLSA.[16]  Thus, plaintiffs' facts are enough to create a

8  plausible claim for relief.

9      As for the request to add more defendants, plaintiffs assert in their reply that two

10 proposed defendants were not originally included in their complaint because they just

11 recently learned that these two proposed defendants held supervisory positions at

12 IntelliQuick.  Given the fact that the case is still in the early stages, that there has not

13 been an unreasonable delay, and that this is the first request to amend the complaint,

14

15 the court concludes that adding new defendants is not overly burdensome or

16 unreasonable.

17

18     As for the additional facts plaintiffs want to include in the complaint, defendants

19 assert that these facts are simply superfluous and that allowing plaintiffs to amend their

20 complaint every time they learn new facts will drag the case on without resolution.

21

22 Plaintiffs assert that they want to include the proposed new facts so as to avoid any

23 possible argument by defendants that they failed to plead sufficient facts related to their

24 minimum wage claims.  Upon review, the proposed additional facts flesh out plaintiffs'

25

26 allegations in more detail and may avoid future motion work related to the sufficiency of

27

28     [16]*Ford v. Alfaro*, 785 F.2d 835, 841 (9th Cir. 1986) (recognizing a claim for "constructive discharge" under 29 U.S.C. § 215(a)(3)).

-7-

the pleadings.  Given that the purpose of Rule 15 is to facilitate a decision on the merits, rather than on the pleadings or technicalities,[17] amendment to include additional facts is appropriate at this early stage of the litigation.

To the extent defendants assert that they will be prejudiced by any amendment because of the cost involved in answering another complaint, the court notes that defendants would only have to answer the new allegations, not an entirely new complaint.  Defendants present no other evidence showing prejudice, and thus have not met their burden.  Additionally, the court has not yet issued a scheduling order and formal discovery has not yet started; therefore, the proposed amendments will not significantly delay this litigation.

Finally, the court rejects defendants' request for fees and costs associated with answering the Proposed Amended Complaint.

### V.  CONCLUSION

Based on the foregoing analysis, plaintiffs' motion at doc. 62  for leave to file an amended complaint is HEREBY GRANTED.

DATED this 11th day of December 2012.


_____/s/_____
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

_____

[17]*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987).

-8-