UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID COLLINGE, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> INTELLIQUICK DELIVERY, INC., *et al,*. ) <br> ) <br> Defendants. ) <br> ) | 2:12-cv-00824 JWS <br><br> ORDER AND OPINION <br><br> [Re:   Motion at docket 137] |

## I.  MOTION PRESENTED

At docket 137 plaintiffs David Collinge, *et al.* ("Plaintiffs") ask the court to compel defendants IntelliQuick Delivery, Inc., *et al* ("Defendants") to fully respond to Plaintiffs' discovery requests.  At docket 138 Plaintiffs provide a declaration from their counsel showing that the parties have conferred in an effort to resolve the dispute without court intervention as required by Fed. R. Civ. P. 37(a)(1).  Defendants' response is at docket 151.  Plaintiffs' reply is at docket 155.  Oral argument was requested but would not assist the court.

## II.  BACKGROUND

Plaintiffs work or have worked as drivers for defendant IntelliQuick.  IntelliQuick is a large parcel delivery service operating in Arizona.  The other defendants are persons who exercise managerial or supervisory powers for IntelliQuick.

Plaintiffs sued defendants to recover wages, benefits, and damages pursuant to the Fair Labor Standards Act ("FLSA"),[1] the Family Medical Leave Act ("FMLA"),[2] Arizona's wage statute,[3] and Arizona's minimum wage statute.[4]  The gist of their complaint is that Defendants have wrongfully classified Plaintiffs as independent contractors when they should be classified as employees entitled to benefits under the preceding statutes.  Plaintiffs sought to represent a class of similarly situated persons.  In an order at docket 59, the court conditionally certified a class comprised of all current and former drivers or couriers making pick-ups or deliveries for InteliQuick as freight drivers, route drivers or on-demand drivers.  Among other things, the order required IntelliQuick to provide Plaintiffs with the last known contact information for all potential members of the class.

## III.  STANDARD OF REVIEW

The scope of discovery permitted by the Federal Rules of Civil Procedure is quite broad.  Discovery of any non-privileged matter relevant to any claim or defense

---

[1] 29 U.S.C. § 201, *et seq*.

[2] 29 U.S.C. § 2601, *et seq*.

[3] A.R.S. § 23-350, *et seq*.

[4] A.R.S. § 23-363.

asserted by any party may be obtained.[5]  Relevance is also broadly defined: "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable . . . ."[6] Moreover, the information sought "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[7]

A party believing that an interrogatory response or response to a request for production of documents has been improperly withheld or provided in a manner which is evasive or incomplete may, after first attempting to resolve the matter by conferring in good faith with the non-responsive party, move for an order compelling an adequate response.[8]  If successful, the party seeking the order is entitled to recover "the reasonable expenses incurred in making the motion, including attorney's fees."[9]

## IV.  DISCUSSION

The parties have been wrangling over a variety of discovery issues for many months with some success.  However, they are at an impasse over some of Plaintiffs' discovery requests.  As Plaintiffs put it: "This present motion is limited to the issue of whether Defendants must identify and produce contracts and communications with Defendants' third-party customers or clients, which Defendants now have clearly stated

---

[5] Fed. R. Civ. P. 26(b)(1).

[6] Fed. R. Evid. 401.

[7] Fed. R. Civ. P. 26(b)(1).

[8] Fed. R. Civ. P. 37(a)(1).

[9] Fed. R. Civ. P. 37(a)(5)(A).

they will not produce or disclose."[10] In their opening memorandum Plaintiffs argued both that Defendants waived their ability to object to the discovery requests and that on the merits, the discovery requested should have been supplied.

With respect to the question of waiver, this court concludes that Defendants have the better of the argument. Both parties engaged in a considerable effort to resolve the discovery problems–something which is commendable. However, it developed that after much back and forth in which Plaintiffs appear to have acted very reasonably, Defendants missed an extended deadline for responding by two days. Plaintiffs were dissatisfied with the discovery which was provided two days late on August 28, for it did not include the third-party information they still seek. However, it is clear that Plaintiffs had been on notice of Defendants' objections to that line of inquiry for a considerable period of time.[11] Thus, it should have come as no surprise that the information was not provided on August 28.

With respect to the merits, the broad scope of discovery which controls resolution of the dispute at hand shows that the information sought is relevant. Plaintiffs' primary arguments on this point are persuasive. The court finds it unnecessary to consider the alternate argument that the discovery is warranted on the basis of a claim for unjust enrichment. Plaintiffs have made clear that their discovery requests are limited to third-parties with whom Defendants had delivery or courier

---

[10]Doc. 137 at p. 2.

[11]*See* Defendants discussion at pp. 3-5 of doc. 151 which the court finds persuasive.

contracts.[12] The information sought from those sources is reasonably calculated to lead to the discovery of admissible evidence, even if what is sought may not itself constitute admissible evidence. The court disagrees with Defendants' characterization of Plaintiffs' discovery requests as a "fishing expedition." The court does agree with Defendants that responding to Plaintiffs' requests is unduly burdensome to the extent that the requests include any customer with whom Defendant had an oral contract or had oral communications. The court will limit relief to information concerning customers with whom IntelliQuick had written contracts during the relevant time period relating to work that could be performed by freight drivers, route drivers or on-demand drivers. The court concludes that the relevant time period is the period commencing April 19, 2009–a date selected by Plaintiffs which the court finds reasonable–and ending on June 26, 2013–the date the amended requests, which are the subject of the pending motion, were served.

When, as is the case here, a motion to compel is granted in part and denied in part, the court is authorized to apportion any award of expenses after hearing from the parties.[13] Here, the court is inclined to the view that an award of 70% of the reasonable expenses incurred by Plaintiffs would be appropriate, but must, of course, hear from the parties. A schedule for resolving this problem is set out in the next section. The briefing should address what apportionment is appropriate, as well as the quantum of reasonable expenses.

---

[12]Doc.155 at pp. 7-8.

[13] Fed. R. Civ. P.

## V.  CONCLUSION

For the reasons above, the motion at docket 137 is GRANTED in part and DENIED in part such that within 28 days–a time period of greater duration than would ordinarily be chosen, but which takes into account the advent of the Christmas holiday–Defendants shall fully respond to the outstanding discovery requests pertaining to written contracts and related written communications (including electronic communications) IntelliQuick had with customers for whom IntelliQuick provided pick-up, delivery, courier or other transportation services which could be provided by freight drivers, route drivers or on-demand drivers during the period between April 19, 2009, and June 26, 2013.

It is FURTHER ORDERED that Plaintiffs shall file a motion seeking to recover a portion of their reasonable expenses on or before December 13, 2013, to which Defendants shall respond on or before December 22, 2013.  No reply may be filed unless requested by the court.

DATED this 3rd day of December 2013.

/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE