UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

DAVID COLLINGE, *et al.*,   )
                            )
      Plaintiffs,      )    2:12-00824 JWS
                            )
  vs.                       )    ORDER AND OPINION
                            )
INTELLIQUICK DELIVERY, INC., *et al.*,   )    [Re:   Motion at docket 140]
                            )
      Defendants.      )
                            )

### I.  MOTION PRESENTED

At docket 140 plaintiffs David Collinge, *et al.* ("Plaintiffs") ask the court to permit amendment of their complaint against defendants IntelliQuick Delivery, Inc., *et al.* ("Defendants").  A copy of the proposed second amended complaint is at docket 140-1. Defendants' response is at docket 152.  Plaintiffs' reply is at docket 156.  Oral argument was requested, but would not assist the court.

### II.  BACKGROUND

Plaintiffs were or are drivers for a large Arizona parcel delivery business, defendant IntelliQuick.  The other defendants named in the first amended complaint are persons who allegedly exercised managerial or supervisory powers for IntelliQuick.

Plaintiffs' lawsuit seeks recovery of wages, benefits, and damages under a variety of federal and state statutes: the Fair Labor Standard Act ("FLSA"),[1] the Family Medical Leave Act ("FMLA"),[2] Arizona's wage statute,[3] and Arizona's minimum wage statute.[4] Plaintiffs' claims all depend on the proposition that Defendants wrongfully classified Plaintiffs as independent contractors when they actually are or were employees entitled to various benefits under the federal and state statutes listed above. In an earlier order, the court conditionally certified a plaintiff class whose members are all current and former drivers or couriers making pick-ups or deliveries for IntelliQuick in the capacity of freight driver, route driver or on-demand driver.

### III.  DISCUSSION

**A. Introduction**

The proposed second amended complaint is intended to accomplish several things: It adds additional named plaintiffs; it includes additional information to flesh out some allegations in the first amended complaint; it corrects various typographical and grammatical errors; and it adds three defendants: KMS Management Company ("KMS"), Majik Trust I ("MT"), and Majik Enterprises I, Inc. ("ME"). Defendants' opposition is limited to opposing the addition of KMS, MT, and ME. Defendants

---

[1] 29 U.S.C. § 201, et seq.

[2] 29 U.S.C. § 2601, et seq.

[3] A.R.S. § 23-350, et seq.

[4] A.R.S. § 23-363.

contend that the claims pled against them are futile. Plaintiffs dispute that argument and also contend that the three are necessary parties under Rule 19.

**B. Futility**

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs district courts to "freely give leave [to amend] when justice so requires." However, the case law is quite clear that justice does not require that leave be given when a proposed amendment would be futile.[5]

All Plaintiffs' claims against KMS, MT, and ME in the second amended complaint depend on the proposition that each was Plaintiffs' "employer" as that term is defined by the FLSA.[6] With exceptions not pertinent here, the FLSA defines "employer" to mean "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ."[7] The Ninth Circuit has recognized that under the FLSA, the term "employer" must be expansively interpreted in light of the statute's broad remedial purposes.[8] Thus, to determine whether a person may be considered an employer, a court should examine the overall "economic reality" of the relationship, not simply isolated factors.[9]

---

[5] *E.g., Sylvia Landfield Trust v. City of Los Angeles* (9th Cir. 2013).

[6] Doc. 140 at p. 5. Both sides tacitly recognize–and the court agrees–that if the proposed new defendants are not employers within the broad definition of that term under the FLSA, then they cannot be employers for purposes of any of the other claims.

[7] 29 U.S.C. § 203(d).

[8] *Boucher v. Shaw*, 572 F.3d 1087, 1090 (9th Cir. 2009).

[9] *Id.*

In applying the expansive interpretation here, the court finds the Ninth Circuit's decision in *Lambert v. Ackerley*[10] to be useful.  There, the trial court had instructed the jury that it could find certain individuals liable as employers, only if the jury found that they had "'significant ownership interest with operational control of significant aspects of the corporation's day-to-day functions; the power to hire and fire employees; [the power to] determin[e] salaries; the responsibility to maintain [ ] employment records.'  (SER 25)."[11] The Ninth Circuit said this about the jury instruction: "This instruction is entirely consistent with our interpretation of 'employer' under the FLSA, and was in no way erroneous."[12]  For present purposes, it is important to observe that something more than a significant ownership interest in the corporation was required; "operational control" over significant aspects of the corporations daily activities was also necessary. *Lambert* noted that operational control may be evidenced by the power to hire and fire employees, the power to set wages, and the responsibility to maintain employment records.  Other factors, such as the ability to supervise employees, the power to set workers' schedules, the ability to establish the conditions of employment, and the power to determine the method by which employees are paid may also be indicia of employer status.[13]  Of course, the overarching consideration is an examination of the totality of the circumstances surrounding the alleged employer-employee relationship.[14]

---

[10] 180 F.3d 997 (9th Cir. 1999).

[11] *Id.* at 180 F.3d 1012.

[12] *Id.*

[13] *Hale v. State*, 993 F.2d 1387, 1394 (9th Cir. 1993).

[14] *Id.*

In the proposed second amended complaint Plaintiffs set out very little to show KMS, MT or ME could be considered employers.  With respect to KMS Plaintiffs allege that it "owns a controlling interest in [defendant] IntelliQuick Delivery, Inc."[15] and in what seems a retreat from that unqualified allegation Plaintiffs also say that "[on] information and belief . . . KMS has a financial interest in Defendant IntelliQuick Delivery, Inc. and/or Defendant Majik Leasing, LLC."[16]  Concerning MT, Plaintiffs allege "upon information and belief" that MT "is a trust established in the personal interests of the Spizzirri family including Defendant Keith Spizzirri" and that MT "has a financial interest in Defendant IntelliQuick Delivery, Inc. and/or Defendant Majik Leasing, LLC."[17]  The second amended complaint goes a bit further with respect to ME, alleging that it "manages Defendant Majik Leasing, LLC, and Defendant Keith Spizzirri is an officer and director of [ME] and that "[on] information and belief [ME] has a financial interest in Defendant IntelliQuick Delivery, Inc. and/or Defendant Majik Leasing, LLC."[18]

The court agrees with Defendants that the allegations against KMS and MT, even if true, are insufficient to show that either is an "employer" under the FLSA.  Mere ownership of an interest in an employer is insufficient to make the owner an "employer" under Ninth Circuit precedent.  The situation with respect to ME is different.  Plaintiffs allege that it actually "manages" Majik Leasing, LLC.  If, as alleged (and at this stage of the litigation) the court must accept that allegation as true, ME manages Majik Leasing,

---

[15] Doc. 140-1 at ¶ 35.

[16] *Id*.

[17] *Id*. at ¶ 36.

[18] *Id*. at ¶ 37.

LLC (whose status as an employer has not been challenged in the pending motion), then ME could be an employer for FLSA purposes.  A manager would likely be involved in some, perhaps all, activities relevant to determining status as an employer.

**C.  Rule 19**

Plaintiffs assert that KMS, MT, and ME are indispensable parties under Rule 19, "because of these entities' relationships to the current Defendants . . . ."[19]  The court agrees with and adopts Defendants' reasoning as expressed in their response at docket 152.[20]  Based thereon, Plaintiffs' Rule 19 argument fails; indeed, it is frivolous.

## IV.  CONCLUSION

For the reasons above, the motion at docket 140 is **GRANTED in part and DENIED in part** as follows: Plaintiffs may **not** add KMS or MT I as defendants, but may add ME as a defendant.  Plaintiffs may add the other text changes contained in the second amended complaint lodged at docket 140-1.

**IT IS FURTHER ORDERED**: Plaintiffs shall promptly file a second amended complaint that complies with this order and promptly perfect service on ME.  Counsel should consider stipulating to service on defense counsel as sufficient service on ME.

DATED this 6th day of December 2013.

/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[19] Doc. 140 at p. 5.

[20] Doc. 152 at pp. 7-8.

6