UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID COLLINGE, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>INTELLIQUIICK DELIVERY, INC., *et al.*, )<br>)<br>Defendants. )<br>) | 2:12-0824 JWS<br><br>ORDER AND OPINION<br><br>[Re:   Motion at docket 200] |

## I.  MOTION PRESENTED

At docket 200 plaintiffs David Collinge, *et al.* ("Plaintiffs") move for an order awarding the amount of $14,978.70 in attorneys' fees and expenses associated with their motion to compel discovery responses from defendants IntelliQuick Delivery, Inc., *et al.* ("Defendants").  The motion is supported by the Declaration of Daniel Bonnett at docket 200-1, several exhibits attached to that Declaration, and the Declaration of Mark Bracken at docket 200-2.  Defendants' response is at docket 207.  Oral argument was requested, but would not assist the court.

## II.  BACKGROUND

Plaintiffs are individuals who drive for, or who formerly drove for, defendant IntelliQuick, which is a parcel delivery business.  The other defendants are individuals alleged to have exercised managerial or supervisory authority for IntelliQuick.  Plaintiffs seek an award of wages, benefits, and damages under various federal and state laws, including the Fair Labor Standard Act ("FLSA"),[1] the Family Medical Leave Act ("FMLA"),[2] Arizona's wage statute,[3] and Arizona's minimum wage statute.[4]  Plaintiffs' claims turn on the proposition that Defendants wrongfully classified Plaintiffs as independent contractors rather than employees.

The pending motion results from the court's ruling on Plaintiffs' motion to compel Defendants to respond to certain discovery requests.  The court granted the motion to compel much, but not all, of the discovery sought.[5]  The court also ruled that, because the motion was granted in part and denied in part, Plaintiffs' recovery of expenses should be apportioned pursuant to Rule 37(a)(5)(C).  The court suggested, but did not determine, that an apportionment allowing Plaintiffs to recover 70% of their reasonable expenses would be appropriate.[6]

---

[1] 29 U.S.C. 201, et seq.

[2] 29 U.S.C. 2601, et seq.

[3] A.R.S. 23-350, et seq.

[4] A.R.S. 23-363.

[5] Doc. 175.

[6] *Id.* at p. 5.

## III.  STANDARD OF REVIEW

Under Rule 37, if a motion to compel is granted, sanctions in the form of "reasonable expenses," including attorneys' fees, must be awarded against the party and attorney "whose conduct necessitated the motion."[7]  The presumption in favor of an award of attorneys' fees serves a deterrent function by discouraging "unnecessary involvement by the court in discovery."[8]  When, as here, a motion to compel is granted in part and denied in part, the court may apportion the expenses of the motion.  When assessing the reasonableness of a request for attorneys' fees, the court applies a two-part "lodestar" approach.[9]  The court must first determine the "lodestar" figure by multiplying the number of hours reasonably expended by a reasonable hourly rate.[10]  Second, the court "may adjust the 'presumptively reasonable' lodestar figure based

---

[7] Fed. R. Civ. P. 37(a)(5)(A).

[8] *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978).

[9] *See Stokes v. Microsemi Corp.*, No. CV02-1689-PHX, 2003 WL 22114276, at *2 (D. Ariz. Sept. 10, 2003) (applying the lodestar methodology to Rule 37 sanctions); *Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*, No. C06-03359JF(RS), 2009 WL 3617786, at *1 (N.D. Cal. Oct. 29, 2009)("When, as here, attorneys' fees are being awarded pursuant to the discovery sanctions provisions of Federal Rule of Civil Procedure 37, courts generally use the 'lodestar' approach to calculate the proper fee amounts").

[10] *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993).

upon the factors set forth in *Kerr v. Screen Extras Guild, Inc.*[11] The fee applicant has the burden of submitting evidence to support the hours and rates claimed.[12]

### IV.  DISCUSSION

Plaintiffs have accepted the court's suggestion that an apportionment awarding 70% of their reasonable expenses is appropriate. Defendants do not contend otherwise. The total value of attorneys' fees plus $75 in costs, which Plaintiffs contend was necessarily expended on the motion to compel and the pending motion, is $21,141 ($21,066 in fees + $75 in costs). Seventy percent of that sum is $14,798.70, the amount Plaintiffs request.

Defendants do not dispute the hourly rates charged by Plaintiffs' counsel, but find fault with the total amount of time billed for the work. Defendants emphasize that the motion to compel dealt with a single issue–whether third-party contracts and related documents were discoverable–which was only one of the topics addressed by the parties in their "meet and confer" efforts. Defendants' first argument for a reduction in the amount sought is that some of the meet-and-confer time claimed relates to the other discovery topics. Plaintiffs contend that they have taken that consideration into account in calculating the award they seek.

---

[11] *Id.*; *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975). The *Kerr* factors are:  1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment due to acceptance of the case; 5) the customary fee; 6) the contingent or fixed nature of the fee; 7) the limitations imposed by the client or the case; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the undesirability of the case; 11) the nature of the professional relationship with the client; (12) awards in similar cases. *Kerr,* 526 F.2d at 70.

[12] *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007).

Of course, before a motion to compel may be filed, the parties must meet and attempt to resolve their disagreement without court intervention.[13]  Here, but for the single area which became the subject matter of the motion to compel, the parties' differences were resolved without motion practice.  Plaintiffs have reduced the time spent relating to the "meet and confer" effort from 12 hours to 6 hours, a reduction which Messrs. Bonnett and Bracken have declared eliminates all of the time spent in connection with meeting and conferring on the other discovery issues.  Defendants argue that this reduction is too small.  They point to correspondence from Plaintiffs' counsel which devotes substantially less than half of its content to the topic addressed in the motion to compel.  How many words are devoted in a letter to a particular topic is not, in this court's view, a very reliable indicator of how much time was spent analyzing and discussing the topic.  Furthermore, defense counsel was necessarily involved in the meet-and-confer process, yet Defendants have not produced any declaration showing how the defense lawyers' time would be allocated between the various discovery topics.  While the burden of persuasion is on Plaintiffs, the absence of contrary evidence which is within Defendants' control is something to be considered in assessing the probative value of the declarations made by Messrs. Bonnett and Bracken.  In general, the court finds that Plaintiffs have carried their burden on this issue.  However, the court also finds that a close look at the declarations requires a further reduction.

According to Plaintiffs, the total time spent in connection with meeting and conferring on all of the discovery problems was 12 hours, consisting of 1.8 hours of

---

[13] Fed. R,. Civ. P. 37(a)(1).

partner time and 10.2 hours of associate time. It is clear that both partner time and associate time should have been reduced, for both the partner and the associate would necessarily have been involved with the other issues. Plaintiffs reduced the associate time from 10.2 hours to 4.2 hours, a reduction of just over 59 percent. A similar reduction needs to be made in the partner time, so the partner time will be reduced from 1.8 hours to 0.74 hours. At the partner billing rate of $525/hour, the reduction is $556.50.

In preparing the motion to compel, Plaintiffs' declarations show that they made a reduction of 25% to account for time working on issues which, in the end, were not raised in the motion to compel. Defendants contend that the reduction is too small. Their argument is that the total time spent is so large that there must have been more time spent on the issues not ultimately raised. Because the court finds the total amount of time claimed after the reduction to be reasonable in light of the work product produced, Defendants' argument is not persuasive. The court finds generally that a 25% reduction is reasonable. However, Plaintiffs made no reduction in the partner hours involved. Because it is reasonable to conclude that the partner participated in the decision about which issues to raise and which to jettison, the 1.8 hours of partner time claimed must also be reduced by 25%. The result is 1.35 hours of partner time. In dollar terms at the partner rate of $525/hour, the 0.45 hour reduction is $236.25.

The multiple topic issue disappears with respect to time Plaintiffs' counsel spent reviewing Defendants' response and preparing Plaintiffs' reply. The reason, of course, is by that stage in the process the only topic being addressed was the one actually

raised in the motion to compel.  The court finds the time spent reviewing the response and preparing the reply to be consistent with the work accomplished.

Defendants also contend that the 3 hours claimed by Plaintiffs' counsel for reviewing Defendants' supplemental discovery response is excessive with respect to the limited topic raised in the motion to compel.  The court agrees that 3 hours is excessive, but disagrees with Defendants that only half an hour should be considered.  The court will reduce the 3 hours claimed to 1.5 hours.  The time was associate time, so the reduction amounts to $450 at the associate rate of $300/hr.

Defendants also question the time entries on December 3 and 4 relating to a review of the court's order at docket 175, which disposed of the motion to compel.  The entries total 2.3 hours.  The first entry is a partner entry on December 3 showing that 0.3 hours was spent studying the court's order.  That entry is reasonable.  The second entry is for 0.5 hours of associate time spent on December 3 to "Review and analyze courts order on motion to compel and forward copy to clients to review."  Again, that entry is reasonable.  The more troublesome entry is the December 4 associate entry for 1.5 hours described as "Read and analyze Court's order re Motion to Compel, read and analyze relevant federal and local rules, committee notes and related case law."  A portion of this entry duplicates the same associate's December 3 entry for reading and analyzing the court's order.  The remainder of the entry either duplicates or adds to the 1.00 entry on the same day by the same associate described as "legal research re attorneys fees under Rule 37, read and analyze relevant cases."  After taking these points into account, the court concludes that the 1.5 hour December 4 entry should be

reduced to 0.5 hours. This 1 hour reduction at the associate rate is a reduction of $300.

Defendants contend that a number of the time entries combine separate tasks in such a way that it is impossible or at least difficult to assess them. The court disagrees. It is simply not realistic to separate out every single task in a group of related activities. While some of the entries could have been parsed, the court finds that the entries are reasonably clear and sufficient to allow the court to exercise its discretion. No adjustment will be made based on this argument.

Defendants also urge that associate time was spent on tasks that could have been performed by a paraprofessional at a lower hourly rate. After examining the entries identified by the Defendants, which total 3.3 hours, the court agrees that some of what was done should have been done by a paraprofessional at an hourly rate of $120, rather than by an associate whose hourly rate is $300. The court concludes that a downward adjustment in the $990 for the 3.3 hours of associate time is appropriate. About half of the work reflected could have been done by a paraprofessional, which means that 1.65 hours should have been billed at the $120 rate rather than the $300 rated. The resulting reduction is $297.

Defendants contend that the time spent on the motion to recover expenses is excessive. Plaintiffs actually billed a total of 24 hours on the motion. Plaintiffs recognize that 24 hours is excessive and so have reduced the associate time involved from 20.3 hours to 14.3 hours. Plaintiffs have made no reduction in the 3.7 hours of partner time. In this instance, that could be reasonable, because the partner likely was spared reviewing work the associate himself had concluded was not suitable for a

h

partner's review.  However, because the burden is on Plaintiffs, and the court agrees with Defendants that the total sought for the motion is on the high side, the court will adjust the partner time from 3.7 hours to 3 hours.  This adjustment amounts to $367.50.

With the reductions above, the total value of time for Plaintiffs' counsel is $18,858.75 ($21,066 - $556.50, - $236.25, - $450.00, - $300.00, - $297.00, -$367.50).  When the 70% apportionment is applied, the resulting fee total is $13,201.13.  To this would be added 70% of the undisputed $75 expense for a total of $13,253.63.

Finally, the court considers whether application of the *Kerr* factors requires any alteration in the $13,253.63 figure.  The first three factors–time and labor required, novelty and difficulty of the issues, and skill necessary–do not warrant any adjustment.  The fourth factor–preclusion of other employment due to accepting the case–is not relevant to the circumstances here.  The fifth factor–customary fee–warrants no adjustment.  The customary fee is an hourly fee, and the parties do not dispute the hourly rates claimed.  The sixth factor is of little significance here.  Plaintiffs' counsel did not take the case on a contingency basis.  The seventh factor–limitations imposed by the client or the case–is not relevant.  The eighth factor–amount involved and results obtained–does not support any adjustment.  The ninth factor–experience, reputation, and ability of counsel–does not require an adjustment.  Similarly, the eleventh factor–nature of the professional relationship with the client–does not require an adjustment.  The final factor–awards in similar cases–is a consideration more appropriate to fee awards based on prevailing in the litigation as a whole.  In sum, the *Kerr* factors do not warrant an adjustment either up or down.

In their briefing, Plaintiffs urge the court to enter the award against defendants IntelliQuick Delivery, Inc. and its owner and president Keith Spizzeri and his marital community. Plaintiffs explicitly ask that the award not be entered against Defendants' counsel, because Plaintiffs believe that the refusal to produce the third-party information was not a refusal recommended by defense counsel. Defendants have not addressed this issue in their briefing. Given the extensive meet and confer effort, the court believes Plaintiffs have an adequate basis for their request. The court's award of expenses will be entered against the two defendants jointly and severally.

## V.  CONCLUSION

For the reasons above the motion at docket 200 is **GRANTED** as follows: Defendants Intelliquick Delivery, Inc. and the marital community of Keith Spizzeri are jointly liable to pay Plaintiffs the sum of $13,253.63. They shall tender payment to Plaintiffs' counsel, who shall be responsible for allocating it among the several plaintiffs. Payment shall be made in the form of a check payable to Plaintiffs' counsel within 21 days from the date of this order.

DATED this 9th day of June 2014.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE