# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

David Collinge, *et al.*,

    Plaintiffs,

vs.

IntelliQuick Delivery, Inc., an Arizona corporation, *et al.*,

    Defendants.

2:12-cv-00824 JWS

ORDER AND OPINION

[Re: Motion at Docket 439]

## I. MOTION PRESENTED

At docket 439 plaintiffs David Collinge, *et al.* (collectively "Plaintiffs") move the court for an order striking the declaration of Robert Crandall, MBA ("Crandall"), an expert retained by defendants IntelliQuick Delivery, Inc., *et al.* (collectively, "IntelliQuick"), which was filed at docket 430-1 as Exhibit C to IntelliQuick's *Daubert* motion at docket 430; striking all references to Crandall's declaration; and sanctioning IntelliQuick under Rule 37(c). IntelliQuick opposes at docket 441. Plaintiffs reply at docket 442. Oral argument was not requested and would not assist the court.

## II. STANDARD OF REVIEW

Local Rule of Civil Procedure ("Local Rule") 7.2(m) governs motions to strike. It provides in pertinent part that a motion to strike may be filed "if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a

statute, rule, or court order."[1] The decision to grant or deny a motion to strike is within the court's discretion.[2]

Rule 37(c)(1) states that if a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . unless the failure was substantially justified or is harmless." The court may also, or alternatively, "order payment of the reasonable expenses, including attorney's fees, caused by the failure" or "impose other appropriate sanctions."[3] A district court is given "particularly wide latitude" when exercising its discretion to issue sanctions under Rule 37(c)(1).[4]

### III. BACKGROUND

Plaintiffs' expert, David M. Breshears, CPA, CCF ("Breshears"), prepared an expert report dated December 2, 2016, that calculates the amount of unpaid wages that Plaintiffs assert they are owed. Crandall submitted a rebuttal declaration dated March 23, 2017. On May 23 the court approved the parties' stipulated request to again modify the court's scheduling order.[5] Among other things, this moved the deadline for Plaintiffs' expert rebuttal disclosures to June 6. On that date Plaintiffs' submitted Breshears' June 5 rebuttal report.[6]

On June 15 IntelliQuick's counsel emailed Plaintiffs' counsel requesting a new extension of the discovery deadline to allow Crandall to provide a written response to

---

[1] LRCiv 7.2(m)(1).

[2] *Spencer v. Stapler*, No. 2:04-cv-01532, 2006 WL 2052704, at *2 (D. Ariz. July 21, 2006).

[3] Fed. R. Civ. P. 37(c)(1).

[4] *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

[5] Doc. 416.

[6] Doc. 417.

Breshears' June 5 rebuttal.[7]  Plaintiffs declined, stating that sur-rebuttal expert reports are not permitted without leave of court and if IntelliQuick wished to submit such a report it would have to file a motion.[8]  IntelliQuick did not file such a motion.  Instead, on July 24 IntelliQuick produced Crandall's 60-page sur-rebuttal report for the first time by attaching it as Exhibit C to the *Daubert* motion it filed at docket 430.  Plaintiffs now move to strike.

## IV.  DISCUSSION

IntelliQuick produced Crandall's July 24 declaration after the close of discovery.  IntelliQuick advances two arguments for why it should nevertheless be allowed to introduce this new evidence contemporaneously with its *Daubert* and summary judgment motions.  First, IntelliQuick argues that Crandall's declaration is not a new report but rather a supplement to his March 23 report that is allowed under Rule 26(e).  Alternatively, it argues that the court should accept its late-filed declaration because doing so would be harmless and substantially justified.

**A.   Crandall's New Declaration Is Not a Supplement Under Rule 26(e)**

Rule 26(e) provides that a party must supplement or correct its expert's report if the party "learns that in some material respect the [report] is incomplete or incorrect."[9]  In other words, a party must supplement an expert report "to correct inadvertent errors or omissions.  Supplementation, however, is not a license to amend an expert report to avoid summary judgment."[10]  "Courts distinguish 'true supplementation' (e.g., correcting inadvertent errors or omissions) from gamesmanship, and have therefore repeatedly

---

[7] Doc. 421-2 at 11.

[8] *Id.* at 14.

[9] Fed. R. Civ. P. 26(e)(1)(A).

[10] 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2049.1 (3d ed. 2017) (quoting *Gallagher v. S. Source Packaging, LLC*, 568 F. Supp. 2d 624, 630 (E.D.N.C. 2008)).

-3-

rejected attempts to avert summary judgment by 'supplementing' an expert report with a 'new and improved' expert report."[11]

The new Crandall report is of the latter variety. Crandall's new report is clearly a new expert report that rebuts Breshears' June 5 report, not a correction to or an expansion of Crandall's previous report.[12] Thus, this case is easily distinguishable from the cases upon which IntelliQuick relies.[13] Because Crandall's new report does not correct a deficiency in his previous report, Rule 26(e) does not apply.[14]

**B.    Crandall's New Declaration Is Not Substantially Justified or Harmless**

With regard to harm, Plaintiffs assert that they will be prejudiced if the court considers Crandall's report because discovery has closed and, therefore, they are unable to depose Crandall about his new opinions. In response, IntelliQuick argues that Plaintiffs cannot complain of surprise because Crandall's new opinions are

---

[11]*Gallagher*, 568 F. Supp. 2d at 631 (collecting cases).

[12]Doc. 430-1 at 23.

[13]*See Miller v. Pfizer, Inc.*, 356 F.3d 1326, 1332 (10th Cir. 2004) ("[O]n occasion it may be appropriate to permit the party using the expert to submit supplements to the report in response to assertions by opposing experts that there are gaps *in the expert's chain of reasoning*.") (emphasis added); *Innovation Ventures, LLC v. NVE, Inc.*, 90 F. Supp. 3d 703, 710 (E.D. Mich. 2015) ("As to the New Sarel Report, Magistrate Judge Whalen correctly found that this report was 'substantially responsive' to the criticisms leveled against the Original Sarel Report by Defendant's expert witness, Dr. Jacoby."); *Charles v. Sanchez*, No. EP-13-CV-00193-DCG, 2015 WL 808417, at *9 (W.D. Tex. Feb. 24, 2015) ("After reviewing the reports and deposition submitted with the briefs it is apparent that substantively Dr. Kaim's Addendum is not a new opinion. Rather, it presents the scientific studies that underlie the methodology used to reach his original conclusion."); *In re Enron Corp. Sec., Derivative & "Erisa" Litig.*, No. CIV.A. G-02-0299, 2007 WL 5023541, at *8 (S.D. Tex. Feb. 1, 2007) ("Denis's supplemental report is not a new opinion, but presents data that support Abbott's original conclusion and correct the flaw in her comparison of underlying data."); *Confederated Tribes of Siletz Indians of Oregon v. Weyerhaeuser Co.*, No. CV 00-1693-PA, 2003 WL 23715981, at *2 (D. Or. Jan. 21, 2003) ("The supplemental expert testimony was generated in direct response to Defendant's attack upon the original expert reports.").

[14]*See Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1064 (C.D. Cal. 2010) ("Haas's 'supplemental' report, rather than correcting an error or omission in his prior report, provides a new opinion that is designed to strengthen Defendants' legal argument for inequitable conduct, and as a result is not a proper supplement under Rule 26(e).").

consistent with his previous opinions. IntelliQuick does not elaborate on this assertion, and contradicts it somewhat where it argues that Plaintiffs have actually been advantaged by the new Crandall report because "Plaintiffs have now learned of Mr. Crandall's responses to Plaintiffs' expert's attacks prior to trial."[15]

IntelliQuick has not met its burden of proving harmlessness.[16] As the district court in *Coles v. Perry* persuasively explains:

> The interest served by requiring the disclosure of expert opinions is self evident. It is to prevent unfair surprise at trial and to permit the opposing party to prepare for the expert's cross examination. By "locking" the expert witness into what Fed. R. Civ. P. 26(a)(2)(B) calls "a complete statement of all opinions to be expressed and the basis and reasons therefor," the opposing party knows exactly what she is facing and can decide whether to take the deposition of the expert and how to prepare for cross examination and rebuttal. When the expert supplements her report by addressing a new matter after discovery has ended, the very purpose of the rule is nullified.[17]

IntelliQuick next argues that Crandall's new report is substantially justified because it reasonably believed that the report was supplemental under Rule 26(e) and because striking Crandall's new report would be too harsh.[18] IntelliQuick's belief that Crandall could submit a new report under Rule 26(e) that neither completes nor corrects his old report is not supported by the text of the rule or any case cited by IntelliQuick. In other words, its belief was unreasonable.

IntelliQuick's argument that striking Crandall's new report would be too harsh relies on the *Perez v. First American Title Insurance*.[19] In *Perez*, the plaintiffs submitted a supplemental expert report after the close of discovery in which the expert expressed his opinions on "significant electronic data" that the plaintiffs received after the

---

[15] Doc. 441 at 9.

[16] *Yeti by Molly*, 259 F.3d at 1107 ("[T]he burden is on the party facing sanctions to prove harmlessness.").

[17] *Coles v. Perry*, 217 F.R.D. 1, 4 (D.D.C. 2003).

[18] Doc. 441 at 11.

[19] 810 F. Supp. 2d 986, 989 (D. Ariz. 2011).

deadlines for disclosing expert and rebuttal reports.[20]  In light of this newly discovered evidence, the court concluded that the supplement was substantially justified.  *Perez* is of no avail to IntelliQuick.  Here, Crandall is not even supplementing his old report, let alone doing so to incorporate newly obtained evidence.[21]  Requiring IntelliQuick to comply with discovery deadlines is not unduly harsh.

## V.  CONCLUSION

Based on the preceding discussion, plaintiffs' motion at docket 439 is GRANTED.  The declaration of Robert Crandall filed at docket 430-1, and all references to the declaration, are hereby stricken.  IntelliQuick is ordered to pay the Plaintiffs' reasonable expenses, including attorney's fees, incurred in bringing this motion.  If the parties cannot stipulate to the amount of expenses that IntelliQuick must pay Plaintiffs, then within 14 days from the date of this order Plaintiffs shall file a properly supported motion showing their reasonable expenses and IntelliQuick shall respond within 7 days after the motion is filed.  No reply may be filed unless requested by the court.

DATED this 5th day of September 2017.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[20]*Id.*

[21]Doc. 430-1 at 23 (Crandall states that "[t]he only new data that was provided to [him] since [his] last declaration [was] a list of Drivers containing their home addresses.").