**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| DAVID COLLINGE, MELONIE PRIESTLY, HEATHER ARRAS, ROBERT CAMPAGNA, JOHN MORENA, BRIAN BLACK, AND BRIAN KINGMAN on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>INTELLIQUICK DELIVERY, INC., an Arizona corporation; KEITH SPIZZIRRI and MIRIAM SPIZZIRRI, husband and wife; TRANSPORTATION AUTHORITY, LLC, a Nevada corporation; ROBERT F. LORGEREE, JR; MAJIK LEASING, LLC, an Arizona corporation, FELICIA TAVISON; JASON MITTENDORF and JANE DOE MITTENDORF; JEFFREY LIEBER; WILLIAM "BILL" COCCHIA and JANE DOE COCCHIA; STEVEN ANASTASE and JANE DOE ANASTASE; MAJIK ENTERPRISES I, INC., an Arizona corporation,<br><br>Defendants. | CASE NO.: CV 12-00824-JWS<br><br>ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

THIS MATTER COMING before this Court for hearing on Final Approval of Settlement pursuant to the Court's Order entered February 11, 2019 (Doc. 574), now upon application for approval of the Class Action Settlement ("Settlement") set forth in the

Settlement Agreement ("Agreement"), and due and adequate notice having been given to the members of the Class as required in the Preliminary Approval Order and the Court having considered all papers filed and proceedings had herein, including the Final Fairness Hearing held on May 10, 2019, to determine the fairness of the Settlement and Named Plaintiffs' and Class Counsel's Motions for Attorneys' Fees and Costs and for Service Awards and Individual Damages Payments, (Doc. 593), and otherwise being fully informed in the premises and for good cause appearing therefore, the Court finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Class and further finds that Named Plaintiffs' and Class Counsel's Motions for Service Awards, Individual Damages Payments, Attorneys' Fees and Costs and for are fair and reasonable.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. This Order and Judgment approving the Settlement Agreement incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms herein shall have the same meanings as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this Lawsuit and over all members of the Class.

3. After consideration of the evidence, the Court finds that the mailing of the Class Notice (with notice also being provided by email (where email addresses were available) and a text message to known cell phone numbers identifying a website where information about the Settlement is available constituted the best notice practicable under the circumstances, and that such individual notice to all Class Members constituted valid, due, and sufficient notice to all persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Agreement, finds that said Settlement is, in all respects, fair, reasonable, adequate and in the best interests of Class Members, directs that the Settlement be consummated in accordance with the terms and conditions set forth

in the Agreement, and orders all Parties to take the necessary steps to effectuate the Settlement as set forth in the Settlement Agreement.

5. Defendants have complied with the Class Action Fairness Act of 2005, PL 109-2 (2005) and 28 U.S.C. § 1715 and its notice obligations by providing appropriate federal and state officials with information about the Settlement.

6. The Court hereby approves the following findings of fact:

   A. Class Counsel has vigorously prosecuted this case and conducted extensive investigation of the governing law, relevant facts and relevant documents. During the prosecution of the Lawsuit, there were multiple dispositive motions and rulings, the parties have exchanged tens of thousands of pages of documents and electronic data and conducted 28 depositions plus multiple Rule 30(b)(6) depositions. Throughout the damages phase of this Lawsuit, Class Counsel has worked with an expert to determine damages and has information on which to make an informed decision about the Settlement.

   B. The Settlement provides for a Gross Settlement Amount, including payment of Individual Settlement Amounts to Settlement Class Members and an award to Class Counsel of attorneys' fees and costs and Service Award and Named Plaintiffs' Individual Damages Claims Payments, in an aggregate value of Five Million Five Hundred Thousand Dollars ($5,500,000.00). After adjustment for the Class Counsel of attorneys' fees and costs and Service Award and Named Plaintiffs' Individual Damages Claims Payments, the Net Settlement Fund was allocated to Class Members based on their Gross Damages in accordance with the allocation set forth in the Agreement.

   C. The Settlement eliminates the risks inherent in continuing the litigation in this case, including the risk that there could eventually be no monetary

for Class Members and that one or more of the Defendants could file for bankruptcy protection.

D. Given the complexity of the issues and the risks to the Class Members and the further delay that would be entailed in continued litigation, including the trial that was scheduled for January 14, 2018, and the potential subsequent appeal of any judgment after such trial, the Settlement is fair, reasonable and in the best interests of the Class.

E. Considering the rulings to date and considering the uncertainty of the outcome of an eventual trial, appeal and potential for bankruptcy by one or more Defendants, and the expected duration of litigation, the amount offered in the Settlement is highly favorable.

F. Class Counsel has extensive experience in FLSA and class and collective action litigation and Class Counsel is therefore well equipped to negotiate a fair settlement for Named Plaintiffs and the Class. Class Counsel's opinion merits great weight both because of Class Counsel's familiarity with the Lawsuit and because of their extensive experience in similar actions. Based on its analysis and evaluation of the relevant factors, Class Counsel represented that it is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate for Class Members

G. The Settlement is the result of an extensive arm's length adversarial negotiation and mediation process. The parties engaged in mediation with Hunter Hughes III, a nationally recognized and highly experienced mediator with substantial complex class action and FLSA knowledge.

H. All counsel represented the interests of their clients vigorously and devoted a considerable amount of time, effort and resources to secure the terms of the Settlement and to ensure a fair, adequate and equitable distribution of the Gross Settlement Amount.

  I. As set forth in the motions for attorneys' fees and costs and for Service Awards and Individual Damages Payments, (Doc. 593), Class Counsel's Fee Application, which consisted of a request for an amount for attorney's fees of $1,727,000.00 and $428,200.24 in costs for a total of $2,155,200.24 and the Service Awards of $67,500.00 for the seven Named Plaintiffs and Individual Damages Claim Payments of $277,299.76 (net) to be allocated as set forth in the motion for Service Awards and Individual Damages Payments is fair, reasonable and appropriate in accordance with the standards set forth in this Circuit. The amount awarded for attorneys' fees and costs to be deducted from the Gross Settlement Fund, represents attorney's fees and costs reasonably expended in prosecuting the Lawsuit

7. The terms and provisions of the Settlement as embodied by the parties' Settlement Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, adequate, and in the best interests of the Class, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure and the Rules of this Court and any other applicable law or due process requirements. The Parties are hereby directed to comply with the terms of the Settlement Agreement and this Order and Final Judgment.

8. The Court hereby approves the payment of Individual Settlement Amounts to the Settlement Class Members through the Settlement Administrator consistent with the allocation and the terms of the Settlement Agreement.

9. The method of calculating Individual Settlement Amounts is hereby approved as fair and reasonable. The distribution to Settlement Class Members is final and non-appealable. As set forth in the Settlement Agreement, Defendants shall deposit the Initial Payment with the Settlement Administrator within 30 days of the date of this Order and the Remaining Payments thereafter in accordance with the deadlines specified in the Agreement and the Settlement Administrator shall pay all Settlement Class members within ten (10) days following the Settlement Effective Date and following receipt of the

Remaining Settlement Amount installments, pay the Remaining Settlement Amount thereafter in accordance with the terms of the Agreement.

10. Named Plaintiffs' request for a Service Award in the total amount of $67,500 is granted and each Named Plaintiff shall receive the following Service Awards:

| | |
|---|---|
| Heather Arras Hockney | $ 2,500.00 |
| Robert Campagna | $20,000.00 |
| Brian Black | $ 2,500.00 |
| Dave Collinge | $20,000.00 |
| Brian Kingman | $10,000.00 |
| John Morena | $10,000.00 |
| Melonie Priestly | $ 2,500.00 |

The foregoing Service Awards shall be deducted from the Gross Settlement Fund. Such payment shall be made by the Settlement Administrator within ten (10) days of the Settlement Effective Date as set forth in the Agreement. The Service Awards represents the reasonable value of the services provided by Named Plaintiffs to the Class Members.

11. Named Plaintiffs; request for Individual Damages Claim Payments is granted and each Named Plaintiff shall receive the following Individual Damages Claim Payments:

| | |
|---|---|
| Heather Arras | $   1,244.61 |
| Robert Campagna | $119,482.84 |
| Brian Black | $   1,244.61 |
| Dave Collinge | $149,353.55 |
| Brian Kingman | $   3,484.92 |
| John Morena | $   2,489.23 |

The foregoing Individual Damages Claim Payments shall be deducted from the Gross Settlement Fund. Named Plaintiffs' Individual Damages Claim Payments shall be paid to the Named Plaintiffs by the Settlement Administrator in the manner as directed by Class Counsel, and set forth in the Settlement Agreement, in the Initial Payment within ten (10)

days of the Settlement Effective Date and thereafter within ten (10) days of the deposit of each of the Remaining Payments by Defendants in equal proportion to the total amount of the Individual Settlement Amounts in relation to all of the sums paid in the initial and each remaining installment payment.

12. Plaintiff's Motion for an Award of Attorneys' Fees and Costs is granted. Defendants are hereby ordered to pay Class Counsel's attorneys' fees in the amount of $1,727,000.00 and costs and expenses in the amount of $428,200.24 for a total payment of $2,155,200.24 as attorneys' fees and costs. Such fees and costs shall be deducted from the Gross Settlement Fund. The payment of costs shall be made by the Settlement Administrator to Class Counsel within ten (10) days of the Settlement Effective Date by wire transfer as directed by Class Counsel. The award of attorneys' fees shall be paid to Class Counsel by the Settlement Administrator in equal proportion to the total amount of the Individual Settlement Amounts in relation to all of the sums paid in the initial and each remaining installment payment.

13. A list of Class Members who chose to exclude themselves from the Lawsuit is attached hereto. Upon the Settlement Effective Date, Class Members who do not opt out of the Settlement, shall be deemed to have irrevocably and unconditionally released and discharged the Released Parties with respect to all state and federal law claims for damages, penalties and interest which were brought or could have been brought based on the allegations in the Complaint through the date of entry of the Preliminary Approval Order, regardless of whether such Class Members submit Claim Forms or have losses entitling them to receive Individual Settlement Amount. Except as expressly provided in this Settlement Agreement and upon the Settlement Effective Date, all Parties including all Named Plaintiffs and all named Defendants in this Lawsuit shall be responsible for their own attorneys' fees and costs and waive any claim to seek attorneys' fees, cost or expenses from any Party not expressly provided in the Settlement Agreement.

14. Upon the Settlement Effective Date, the Named Plaintiffs shall be deemed to have irrevocably and unconditionally released and discharged the Released Parties with

respect to all claims of any kind against the Released Parties as of the date of Final Approval. Upon the Settlement Effective Date, the Released Parties shall be deemed to have irrevocably and unconditionally released and discharged the Named Plaintiffs with respect to all claims of any kind against the Plaintiffs as of the date of Final Approval.

15. The Court retains exclusive jurisdiction over this matter, and the Parties submit to such exclusive jurisdiction, with respect to effectuating and supervising the interpretation, implementation, and enforcement of the Agreement and any disputed questions of law or fact related thereto as provided in the Agreement.

16. The Action is hereby dismissed with prejudice as to the Settlement Class, including the Named Plaintiffs, without additional cost to any of the Parties other than as provided for in the Settlement Agreement and herein.

17. The Clerk shall enter Final Judgment pursuant to Fed. R. Civ. P. 54(b) and Fed. R. Civ. P. 58(a).

DATED this 13th day of May 2019.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT